UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ALPHONSO B. BROWN, JR., | Civil Action No. 16-2119 (JLL) |
| Plaintiff, | |
| v. | OPINION |
| ELIZABETH CITY POLICE DEPARTMENT, et al., | |
| Defendants. | |

LINARES, District Judge:

Currently before this Court is the complaint of Plaintiff, Alphonso Brown. (ECF No. 1). Also before this Court is Plaintiff's application to proceed *in forma pauperis*. (Document 2 attached to ECF No. 1). As leave to proceed *in forma pauperis* is warranted in this matter, this Court will grant Plaintiff's application to proceed *in forma pauperis*. Because this Court is granting that application, this Court is required to screen the complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A. Pursuant to these statutes, this Court must dismiss Plaintiff's claims if they are frivolous, malicious, fail to state a claim for relief, or seek damages from a defendant who is immune. For the reasons set forth below, this Court will dismiss Plaintiff's complaint.

I. BACKGROUND

Plaintiff, Alphonso Brown, Jr., who is also known as Tyrone Fitzgerald, is a convicted state prisoner currently incarcerated in South Woods State Prison in Bridgeton, New Jersey. (ECF No. 1 at 1). In his current complaint, Plaintiff attempts to raise various claims against members of the Elizabeth City Police Department for their involvement in his many arrests over the last twenty five years. (*Id.* at 1-10). In his complaint, Plaintiff presents facts going back as

1

far as 1991 to support his assertion that he has been mistreated by members of the Elizabeth police. (*Id.* at 7-10).

Plaintiff first asserts that he was arrested three times by Defendant James Malone in May 1991, January 1992, and January 1993. (*Id.* at 4). On at least one occasion (in 1991), Defendant Pinho aided in Plaintiff's arrest. (*Id.*). Plaintiff further asserts that in each of these instances, Malone planted drugs on Plaintiff and then arrested him for the possession and sale of those drugs. (*Id.*). Plaintiff further asserts that although the charges from the 1992 arrest were dismissed for unknown reasons, he ultimately pled guilty to the 1991 and 1993 drug charges to avoid being "railroad[ed at] trial" and was sentenced to 364 days in county jail. (*Id.*).

Plaintiff asserts that he was next arrested in August 1998 by several John Doe Defendant Officers "for a robbery he didn't commit." (*Id.*). Plaintiff further states that he went to trial but was "railroaded . . . and lost." (*Id.*). Plaintiff was apparently sentenced to a thirteen year sentence, but was released from prison in May 2011. (*Id.*).

Following his release, Plaintiff was apparently accosted again on June 28, 2011. (*Id.*). On that date, Malone, alongside a Detective Mikros and another unknown officer, stopped Plaintiff on the street in Elizabeth.[1] (*Id.*). Plaintiff alleges that, after he refused to give them any information, they "planted three bags of heroin on [him]." (*Id.*). Plaintiff further states that he had the charges reduced and pled guilty to a Disorderly Persons offense, resulting in several

---

[1] In support of his contention that these officers are corrupt, Plaintiff attempts to connect them to several articles detailing a corruption scandal involving the Elizabeth police which Plaintiff attaches to his complaint. (ECF no. 1 at 5; Document 1 attached to ECF No. 1). As those articles make clear, this scandal involved officers being hired for overtime work with the housing authority and being paid for that work without actually showing up to perform the work and kickbacks to the city police which resulted from this alleged scheme. (Document 1 attached to ECF No. 1). Thus, this alleged corruption is unrelated to Plaintiff's allegations and appears to serve no purpose here other than to poison the well and suggest that the officers must have "railroaded" Plaintiff because they may have been involved in unrelated corrupt activities.

2

hundred dollars of fines. (*Id.* at 5). Plaintiff avers that he agreed to this deal because he was told it "wouldn't violate [his] parole," but ultimately received a parole violation anyway. (*Id.*).

Plaintiff's next run-in with the Elizabeth police occurred on September 9, 2011. (*Id.*). On that date, Plaintiff was allegedly stopped by a Detective Valladares while on his way to a hospital. (*Id.*). Plaintiff asserts that Valladares "planted two vials of cocaine" on Plaintiff and arrested him. (*Id.*). While Plaintiff was in county jail awaiting trial, he apparently suffered a stroke which he alleges was related to the illness for which he was seeking treatment on the day of his arrest. (*Id.*). Plaintiff further states that the charges related to this arrest "were dismissed" prior to January 11, 2012, but Plaintiff does not provide further details. (*Id.*).

The final incident about which Plaintiff complains occurred on July 30 and 31, 2012.[2] (*Id.* at 5-7). On July 30, Plaintiff apparently went to a plot of land owned by his uncle to check on it. (*Id.* at 5). After doing so, he set about heading home. On his way home, he crossed the street to avoid several questionable people, and was struck by a car "that came out of nowhere and had no headlights on." (*Id.*). After he was struck by the car, Plaintiff fell on the sidewalk and was accosted by several persons unknown, who also apparently "robbed him [of his] cane, $ 700.00, [a] necklace, watch, wedding ring, [and his] eyeglasses." (*Id.* at 5-6).

Plaintiff alleges that the man who hit him with his car, apparently a delivery driver named Victor Rojas, left his car and made a food delivery. (*Id.* at 6-7). Plaintiff alleges that the men who beat and robbed him then descended upon Rojas, beat him, and robbed him. (*Id.* at 6). Plaintiff states that he then tried to escape, but Plaintiff was again beaten until he crawled away

---

[2] The information Plaintiff provides suggests that this event took place around midnight. (ECF No. 1 at 5-7). At one point, Plaintiff asserts that a witness was asked about his whereabouts on "7/31/13" but this appears to be a typo as Plaintiff is referring to the same events about which he complains that he first asserts occurred in the late night hours of July 30, 2012. (*Id.*).

3

and hollered for someone to call the police. (*Id.*). Plaintiff asserts that he moved to a second floor porch a few houses away until police arrived, at which point he called to them. (*Id.*).

Plaintiff states that the police then "flashed their flashlights in his face and drew their guns and pointed them straight at his head and said, 'Hey you, wait Nigger, freeze! We're going to lump you up bad and kill you!'" (*Id.*). Plaintiff then ran onto the roof and locked the police out, resulting in a stand-off apparently lasting until the following morning. (*Id.*). Plaintiff was thereafter arrested and initially charged with resisting arrest, criminal mischief and possible assault. (*Id.* at 7). A few weeks after July 31, 2012, however, Plaintiff was ultimately charged with robbery and burglary several weeks later while he was in jail. (*Id.*). Plaintiff was indicted on these charges in early 2013. (*Id.* at 6). Plaintiff further alleges that Defendants Malone and Valladares and other members of the police altered witness statements and filed false reports in an attempt to frame him for robbery.[3] (*Id.* at 7-9). Plaintiff thus asserts that the "whole E.P.D. from the Mayor on down is so visibly corrupt." (*Id.* at 10). It is not clear what came of any charges filed against Plaintiff arising out of the July 2012 incident.

## II. DISCUSSION

### A. Legal Standard

Per the Prison Litigation Reform Act, Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996) ("PLRA"), district courts must review complaints in those civil actions in which a prisoner is proceeding *in forma pauperis*, *see* 28 U.S.C. § 1915(e)(2)(B), or

---

[3] Plaintiff also attempts to assert that several witnesses gave contradictory testimony to police in support of his assertion that he was not the one who robbed Rojas. It is not clear from the pleadings Plaintiff provides whether these witnesses actually gave truly contradictory statements or if Plaintiff is simply being overly analytical in combing those statements for perceived contradictions. (*Id.* at 7-9).

4

seeks damages from a state employee, *see* 28 U.S.C. § 1915A. The PLRA directs district courts to *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. This action is subject to *sua sponte* screening for dismissal under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A because Plaintiff is a convicted prisoner who has been granted *in forma pauperis* status and is bringing suit against employees of a governmental entity.

According to the Supreme Court's decision in *Ashcroft v. Iqbal*, "a pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To survive *sua sponte* screening for failure to state a claim[4], the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678). Moreover, while *pro se* pleadings are liberally construed, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted) (emphasis added).

**B. Analysis**

---

[4] "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)); *Mitchell v. Beard*, 492 F. App'x 230, 232 (3d Cir. 2012) (discussing 28 U.S.C. § 1997e(c)(1)); *Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008) (discussing 28 U.S.C. § 1915A(b)).

Plaintiff, in his complaint, seeks to raise claims against the Elizabeth City Police Department and various police officers employed thereby for alleged violations of his constitutional rights pursuant to 42 U.S.C. § 1983. "To establish a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a violation of a right protected by the Constitution or laws of the United States that was committed by a person acting under the color of state law." *Nicini v. Morra*, 212 F.3d 798, 806 (3d Cir. 2000); *see also Woodyard v. Cnty. of Essex*, 514 F. App'x 177, 180 (3d Cir. 2013) (section 1983 provides "private citizens with a means to redress violations of federal law committed by state [actors]"). "The first step in evaluating a section 1983 claim is to 'identify the exact contours of the underlying right said to have been violated' and to determine 'whether the plaintiff has alleged a deprivation of a constitutional right at all.'" *Nicini*, 212 F.3d at 806 (quoting *County of Sacramento v. Lewis*, 523 U.S. 833, 841 n. 5 (1998)). Here, Plaintiff states that he wishes to bring claims for "Falsifying Reports and Charges, Harassment, Planting Evidence and Racial Profiling" all of which he asserts are Fourteenth Amendment violations. Based on the facts alleged in Plaintiff's complaint, this Court construes Plaintiff to be attempting to assert claims against Defendants for false arrest/imprisonment, malicious prosecution, and selective enforcement. Plaintiff's complaint is subject to several problems, however, which will each be addressed in turn.

**1. The Elizabeth City Police Department is not a proper Defendant and Plaintiff fails to state a claim for relief against Defendants Police Chief Shannon**

Plaintiff attempts to assert claims against the Elizabeth Police Department. A New Jersey police department

> is not an independent entity with the capacity to sue and be sued, but only "an executive and enforcement function of municipal

6

> government." N.J.S.A. 40A:14-118. The case law under Section 1983 uniformly holds that the proper defendant is therefore the municipality itself, not the police department. *See Jackson v. City of Erie Pol[.] Dep't*, 570 F. App'x 112, 114 (3d Cir. 2014) (per curiam; not precedential) ("We further agree with the District Court that the police department was not a proper party to this action. Although local government units may constitute 'persons' against whom suit may be lodged under 42 U.S.C. § 1983, a city police department is a governmental sub-unit that is not distinct from the municipality of which it is a part.") (citation omitted)[;] [s]*ee also Boneberger v. Plymouth Twp.*, 132 F.3d 20, 25 n. 4 (3d Cir. 1997) ([c]ourt[s] "treat[] the municipality and its police department as a single entity for purposes of section 1983 liability"); *Michaels v. State of New Jersey*, 955 F. Supp. 315, 329 n. 1 (D.N.J. 1996).

*Rivera v. Zwiegle*, No. 13-3024, 2014 WL 6991954, at *3 (D.N.J. Dec. 9, 2014). As such, the Elizabeth Police Department is not a proper Defendant and must be dismissed from this action with prejudice. *Id.* To the extent that Plaintiff intended instead to name the city of Elizabeth, he has set forth no facts to support a claim against the city as he has identified no policy or ordinance which resulted in the violations at issue here. *See Los Angeles Cnty. v. Humphries*, 562 U.S. 29, 35-36 (2010); *Monell v. New York City Dep't of Social Servs.*, 436 U.S. 658, 690-91 (1978).

Plaintiff also seeks to name as a Defendant the Chief of the Elizabeth Police, Patrick Shannon. Plaintiff, however, has pled no facts connecting Shannon to the events about which he complains, and Plaintiff's only potential theory of liability for Shannon would thus have to be a form of respondeat superior or vicarious liability. Section 1983, like its federal counterpart, however, does not permit recovery for vicarious theories of liability, and liability cannot be predicated solely on the operation of respondeat superior. *See Iqbal*, 556 U.S. at 675-76; *see also Rode v. Dellarciprete*, 845 F.2d 1195, 1207-08 (3d Cir. 1988) (a "defendant in a civil rights action must have personal involvement in the alleged wrongs; liability cannot be predicated

7

solely on the operation of *respondeat superior*"). As Plaintiff has pled no other basis for a claim against Chief Shannon, and as Plaintiff cannot maintain a vicarious liability supervisory liability claim against the Chief, Chief Shannon must be dismissed from this action without prejudice at this time.

### 2. Plaintiff's False Arrest, False Imprisonment, and Selective Enforcement Claims[5] are Time Barred

This Court first notes that Plaintiff's false arrest and false imprisonment claims are clearly time barred, as are those of Plaintiff's selective enforcement claims which arise out of the incidents for which he was not or has not yet been convicted of a crime. Actions brought pursuant to 42 U.S.C. § 1983 in New Jersey are subject to a two year statute of limitations. *See Patyrak v. Apgar*, 511 F. App'x 193, 195 (3d Cir. 2013). "Under federal law, a cause of action accrues, and the statute of limitations begins to run when the plaintiff knew or should have known of the injury upon which its action is based." *Kach v. Hose*, 589 F.3d 626, 634 (3d Cir. 2009). Claims for false arrest and false imprisonment, however, accrue on the date on which the plaintiff becomes detained pursuant to legal process, such as through arraignment, a bail hearing, or formal indictment. *See Wallace v. Kato*, 549 U.S. 384, 389-90, 397 (2007). Selective Enforcement claims likewise normally accrue on the date where a Plaintiff is held over pursuant to such legal process, save in those cases where a Plaintiff is subject to a criminal conviction arising from that enforcement, in which case the running of the statute of limitations may be postponed until such time as that conviction is overturned. *See Dique v. New Jersey State*

---

[5] As to the selective enforcement claims, this section applies only to those selective enforcement claims which did not result in a criminal conviction. *See Dique*, 603 F.3d at 185-88.

8

*Police*, 603 F.3d 181, 185-88 (3d Cir. 2010). In this case, all of Plaintiff's arrests occurred in or before 2012. For Plaintiff's most recent arrest, Plaintiff was indicted in early 2013, more than three years before he filed the instant complaint. As such, Plaintiff's false arrest, false imprisonment, and selective enforcement/racial profiling claims would all have accrued by, at the latest, more than three years before he filed his complaint, and thus were filed after the two year statute of limitations had run. Absent some form of equitable tolling, then, Plaintiff's false arrest, false imprisonment and selective enforcement claims not arising out of a criminal conviction against all Defendants are time barred and must be dismissed. Because this Court perceives no basis for tolling on the face of Plaintiff's complaint, Plaintiff's false arrest, false imprisonment, and selective enforcement claims not arising out of a criminal conviction will be dismissed as time barred at this time. In the interest of justice and because Plaintiff could potentially provide an argument for the tolling of the statute of limitations, this Court will dismiss these claims without prejudice and permit Plaintiff to file a new complaint addressing the time bar issue within thirty days.

### 3. Plaintiff's remaining selective enforcement claims and malicious prosecution claims fail to state a claim for relief

Having dismissed Plaintiff's other claims, this Court is faced solely with Plaintiff's remaining malicious prosecution and selective enforcement claims arising out of cases where Plaintiff was convicted of a crime. Turning first to Plaintiff's malicious prosecution claims, such a claim requires a Plaintiff to plead the following elements:

> (1) the defendant initiated a criminal proceeding; (2) the criminal proceeding ended in [the plaintiff's] favor; (3) the defendant initiated the proceeding without probable cause; (4) the defendant acted maliciously or for a purpose other than bringing the plaintiff

9

> to justice; and (5) the plaintiff suffered [a] deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding.

*Halsey v. Pfeiffer*, 750 F.3d 273, 296-97 (3d Cir. 2014). Thus, a Plaintiff must plead facts which indicated that a given criminal prosecution terminated in his favor in order to plead a cognizable claim for relief for malicious prosecution. *Id.* Indeed, where a Plaintiff is convicted, a claim for malicious prosecution does not even accrue until his conviction has been overturned. *See Heck v. Humphrey*, 512 U.S. 477, 489-90 (1994). Here, Plaintiff fails to plead any facts showing favorable termination as to the charges against him with only two exceptions: Plaintiff's arrest in 1992 and September 2011 both resulted in dismissed charges. As Plaintiff has not pled favorable termination as to any of his other run-ins with the Elizabeth Police, but instead has specifically pled that all of his other arrests other than the 2012 incident resulted in convictions, Plaintiff's malicious prosecution claims arising out of his non-2012, 1992 and September 2011 arrests both fail to state a claim and are barred by *Heck* as Plaintiff has not pled that his convictions have been overturned. As to Plaintiff's 2012 arrest, Plaintiff pleads no facts as to the outcome of that case, and it is not clear if that matter has been dismissed, is ongoing, or resulted in a conviction. Thus, Plaintiff's allegations related to his 2012 arrest fail to state a claim as Plaintiff has not pled favorable termination. *Halsey*, 750 F.3d at 296-97.

As to Plaintiff's two remaining claims of malicious prosecution, those resulting from his 1992 and September 2011 arrests, Plaintiff pleads only that the charges arising out of those claims were dismissed. Although it is true that a dismissal of charges is not necessarily a favorable termination, *see Kossler v. Crisanti*, 564 F.3d 181, 187-89 (3d Cir. 2009) (dismissal of one charge is not a favorable termination where Plaintiff was convicted of another charge that arose out of the same facts); *Malcomb v. McKean*, 535 F. App'x 184, 186 (3d Cir. 2013) (a

10

dismissal of charges via a nolle prosequi is not a favorable termination where the accused entered into a compromise with prosecutors or surrendered something of value to obtain that outcome), as Plaintiff has pled no facts which would suggest that these dismissals were not favorable terminations, Plaintiff would at first blush appear to have pled a plausible claim for malicious prosecution. That said, however, these two malicious prosecution claims suffer the same defect as Plaintiff's false arrest claims: even if the dismissals were favorable terminations, those claims would have accrued on the date of the dismissals (sometime prior to Plaintiff's imprisonment on his 1998 conviction for the 1992 charge and January 2012 for the September 2011 charge), and as such are time barred as malicious prosecution claims normally accrue either on the date of the favorable termination or on the date that a criminal conviction arising from the malicious prosecution is dismissed. *See Heck*, 512 U.S. at 489-90; *Dique*, 603 F.3d 185-88. As Plaintiff has pled no facts which would lead this Court to believe that he is entitled to the tolling of the statute of limitations at this time, this court will therefore dismiss those claims without prejudice as time barred. Thus, all of Plaintiff's malicious prosecution claims must be dismissed without prejudice as either time barred or for failure to state a claim for which relief may be granted.

Turning to Plaintiff's remaining selective enforcement claims, those claims are also subject to the *Heck* bar. As noted above, the only selective enforcement claims which would not clearly be time barred are those which resulted in a criminal conviction and thus may have been tolled until such time as Plaintiff has had those convictions overturned. The Third Circuit has held that claims for selective enforcement will virtually always imply the invalidity of the conviction resulting from that selective enforcement. *See Gibson v. Superintendent of N.J. Dep't of Law and Pub. Safety*, 411 F.3d 427, 440-41 (3d Cir. 2005) (citing *United States v. Berrigan*,

11

482 F.2d 171, 174 (3d Cir. 1973)), *overruling on other grounds recognized, Dique*, 603 F.3d at 185-88; *see also Dique*, 603 F.3d at 185-88. As such, where a selective enforcement results in a conviction prior to the running of the two year statute of limitations, the plaintiff's selective enforcement claim is barred by *Heck* until such time as his conviction is overturned. *Id.* Thus, for those incidents which resulted in a conviction, Plaintiff's selective enforcement claims would be barred by *Heck* until such time as he can show that those convictions have been overturned, and Plaintiff's remaining selective enforcement claims must therefore be dismissed without prejudice at this time. *Dique*, 603 F.3d at 185-88; *Gibson*, 411 F.3d at 440-41.

In any event, Plaintiff does not plead sufficient facts to make out a selective enforcement claim for any of the incidents about which he complains. A selective enforcement claim requires a plaintiff to show that other similarly situated individuals were not arrested by the police for similar activity, and that the reason that Plaintiff was subject to enforcement where other similarly situated individuals were not was based on impermissible standard "such as race, or religion, or some other arbitrary factor, . . . or to prevent the exercise of a fundamental right." *Hill v. City of Scranton*, 411 F.3d 118, 125 (3d Cir. 2005) (internal quotations omitted). Plaintiff, however, pleads no facts whatsoever about how other individuals similarly situated were treated, instead he simply decries the actions of the officers in this matter as "racial profiling." Plaintiff thus fails to plead either of the elements of a selective enforcement claim, and his selective enforcement claims would fail to state a claim even if they were not time barred or barred by *Heck*. *Hill*, 411 F.3d at 125. Thus, all of Plaintiff's claims are either time barred or fail to state a claim for relief, and Plaintiff's complaint must be dismissed without prejudice at this time.

12

### III. CONCLUSION

For the reasons stated above, this Court will grant Plaintiff's request to proceed *in forma pauperis*, and will dismiss Plaintiff's complaint without prejudice in its entirety. Plaintiff will be granted leave, however, to file an amended complaint addressing the deficiencies identified in this opinion, including by raising any arguments for tolling of the statute of limitations which Plaintiff may have, within thirty (30) days. An appropriate order follows.

Hon. Jose L. Linares,
United States District Judge

April 21, 2016