UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ALPHONSO B. BROWN, JR., | Civil Action No. 16-2119 (JLL) |
| Plaintiff, | |
| v. | MEMORANDUM OPINION |
| ELIZABETH CITY POLICE DEPARTMENT, et al., | |
| Defendants. | |

**LINARES**, District Judge:

1. On or about April 13, 2016, Plaintiff, Alphonso Brown, Jr., who is also known as Tyrone Fitzgerald, filed in this Court a complaint in which he sought to bring various civil rights claims against members of the Elizabeth Police Department based on his numerous run-ins with the police over the last thirty years. (ECF No. 1). Essentially, Plaintiff sought to bring claims for false arrest, false imprisonment, malicious prosecution, and selective enforcement against the police. (*Id.*).

2. On April 21, 2016, this Court entered an order and opinion screening Plaintiff's complaint and dismissing his various claims as either time barred or barred by the *Heck* doctrine, see *Heck v. Humphrey*, 512 U.S. 477, 489-90 (1994) (holding that where success on a § 1983 claim would necessarily imply the invalidity of one's conviction, such as in a malicious prosecution claim, that claim is barred and does not accrue until such time as the underlying conviction has been overturned). (ECF Nos. 2-3). Because Plaintiff is acting pro se, this Court gave him thirty days within which to file an amended complaint in which he addressed the deficiencies raised in this Court's prior opinion. (ECF No. 3).

1

3. On or about May 16, 2016, Plaintiff filed an amended complaint. (ECF No. 4). In his amended complaint, Petitioner attempts to state claims under 42 U.S.C. § 1983 against James Malone, a police officer employed by the Elizabeth Police Department. (*Id.* at 2). In his amended complaint, Plaintiff states only that Malone has subjected him to "Harrasment, Planting Evidence and Racial Profiling" with the help of an Officer Pinho, and that Malone violated Plaintiff's Fourteenth Amendment rights by "Falsifying Reports and Cha[r]ges, Harassment, Planting Evidence and Racial Profiling." (*Id.*). Plaintiff further states that Malone "initiated a criminal proceeding[] against [Plaintiff], which resulted in . . . Plaintiff being convicted and incarcerated, the defendant(s) actions were malicious and without probable cause." (*Id.* at 3). Petitioner therefore requests money damages, the expunging of his criminal record, and his "immediate release from prison." (*Id.*). In addition to these allegations, Plaintiff attaches to his amended complaint a photocopy of his original complaint. (*Id.* at 5-11).

4. Because Plaintiff has previously been granted *in forma pauperis* status, because Plaintiff is a state prisoner, and because Plaintiff has filed an amended complaint, this Court is required to screen Plaintiff's amended complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A. Pursuant to the statutes, this Court must *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.* "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)); *Mitchell v. Beard*, 492 F. App'x 230, 232 (3d Cir. 2012) (discussing 28 U.S.C. §

1997e(c)(1)); *Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008) (discussing 28 U.S.C. § 1915A(b)).

5. According to the Supreme Court's decision in *Ashcroft v. Iqbal*, "a pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To survive *sua sponte* screening for failure to state a claim, the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678). Moreover, while *pro se* pleadings are liberally construed, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted) (emphasis added).

6. To the extent that Plaintiff's attachment of his prior complaint to the amended complaint was intended to re-raise all of the claims this Court dismissed in its previous order, Plaintiff has failed in any way to address the deficiencies that required the dismissal of those claims in the first place. As such, those claims are again dismissed for the reasons expressed in this Court's original screening opinion. (ECF No. 2).

7. As for his "new" allegations, Plaintiff provides no more than conclusory allegations that Officers Malone and Pinho falsely arrested him and racially profiled him. These conclusory allegations are insufficient to plead a claim for false arrest or for selective enforcement. *See Hill v. City of Scranton*, 411 F.3d 118, 125 (3d Cir. 2005) (selective enforcement requires that a

Plaintiff plead facts which would establish that he was subject to enforcement where other similarly situated individuals were not was based on impermissible standard "such as race, or religion, or some other arbitrary factor, . . . or to prevent the exercise of a fundamental right"); *Groman v. Twp. of Manalapan*, 47 F.3d 628, 636 (3d Cir. 1995) (false arrest/imprisonment requires a plaintiff to plead facts showing that he was arrested and incarcerated without probable cause). While that alone would be sufficient to require the dismissal of these claims, the Court notes that these conclusory allegations in no way address the two issues this Court raised regarding Plaintiff's false arrest and selective enforcement claims in its prior opinion – that those claims are either time barred as the most recent interaction with the officers occurred in July 2012, some four years ago, or are barred by the *Heck* doctrine as Plaintiff admits he was convicted of a crime stemming from that event and has not had his conviction overturned. *See Patyrak v. Apgar*, 511 F. App'x 193, 195 (3d Cir. 2013) (§ 1983 claims in New Jersey subject to two year statute of limitations); *Wallace v. Kato*, 549 U.S. 384, 389-90, 397 (2007) (claims for false arrest accrue when the Plaintiff is held over pursuant to legal process); *Dique v. New Jersey State Police*, 603 F.3d 181, 185-88 (3d Cir. 2010) (selective enforcement claims are subject to the *Heck* bar as success on a selective enforcement claim implies the invalidity of a plaintiff's conviction); *Gibson v. Superintendent of N.J. Dep't of Law and Pub. Safety*, 411 F.3d 427, 440-41 (3d Cir. 2005) (citing *United States v. Berrigan*, 482 F.2d 171, 174 (3d Cir. 1973)), *overruling on other grounds recognized*, *Dique*, 603 F.3d at 185-88. Thus, as explained to Plaintiff in this Court's prior opinion, Plaintiff's false arrest/imprisonment claims are clearly time barred, and his selective enforcement claims are either time barred or are *Heck* barred and have not yet accrued as Plaintiff has not overturned his underlying conviction. (*See* ECF No. 2 at 5-13).

4

8. To the extent that Plaintiff wished to re-raise his malicious prosecution claims against Malone and Pinho in his amended complaint, Plaintiff has pled no more than conclusory allegations as to the elements of a malicious prosecution claim. *See Halsey v. Pfeiffer*, 750 F.3d 273, 296-97 (3d Cir. 2014) (malicious prosecution requires that a plaintiff plead facts showing that the defendant initiated a criminal proceeding, which terminated in the plaintiff's favor, that the proceeding was initiated without probable cause, that defendant acted maliciously or for a purpose other than bringing the plaintiff to justice, and that the plaintiff suffered a deprivation of liberty as a result). Indeed, as to one element, favorable termination, Plaintiff has directly pled that he does not meet the requirements of a malicious prosecution claim in so much as he was convicted and has not had that conviction overturned. (ECF No. 4 at 3). Thus, Plaintiff has failed to plead a claim for malicious prosecution even were his allegations not simply conclusory, and in any event is barred from bringing his malicious prosecution claim until such time as he has had his conviction overturned. *Halsey*, 750 F.3d t 296-97; *Heck*, 512 U.S. at 489-90. Thus, Plaintiff's malicious prosecution claim must again be dismissed without prejudice.

9. Finally, the Court notes that Plaintiff seeks an immediate release from prison and to have his prior convictions overturned and his record expunged. Plaintiff cannot seek such relief by way of a § 1983 complaint, and could only receive such relief through a petition for a writ of habeas corpus. *See Wilkinson v. Dotson*, 544 U.S. 74, 78-82 (2005). Thus, Plaintiff's non-false arrest/imprisonment claims would need to be dismissed for that reason as well.

10. Thus, for the reasons previously explained in this Court's prior opinion, and for the reasons expressed herein, Plaintiff's claims are either time barred or *Heck* barred, and Plaintiff's amended complaint otherwise fails to state a claim for relief, and this Court will therefore dismiss Plaintiff's amended complaint without prejudice in its entirety. An appropriate order follows.

Dated: July 28, 2016

Hon. Jose L. Linares,
United States District Judge